IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

NICHOLAS ANTHONY

CRIMINAL ACTION NO.
1:25-cr-00500-TRJ-CMS

## ORDER

Defendant Nicholas Anthony currently has three motions pending for the Court's consideration: (1) a motion to suppress statements (Doc. 27);[1] (2) a motion to dismiss the Indictment because his underlying conviction is not a sexual offense under the Sex Offender Registration and Notification Act ("SORNA") (Doc. 28); and (3) a motion to dismiss the Indictment because it is unconstitutionally vague (Doc. 29). On March 24, 2026, the Magistrate Judge recommended that both of Defendant's motions to dismiss be denied. (Doc. 36). The Magistrate Judge supplemented the Report and Recommendation ("R&R") on March 26, 2026. (Doc. 38). Defendant timely filed objections to the R&R on April 1, 2026. (Doc. 40). After a *de novo* review of the specific objections raised, the Court **OVERRULES** Defendant's objections and **ADOPTS** the findings and conclusions in the R&R.

## BACKGROUND

Defendant was charged with knowingly failing to register under 18 U.S.C. § 2250(a) of SORNA after traveling to Georgia. (Doc. 12). Prior to the instant offense,

---

[1] The Magistrate Judge deferred ruling on the motion to suppress on January 1, 2026, and the R&Rs do not address that motion.

Defendant was convicted under Michigan law of assault with intent to commit criminal sexual conduct involving sexual penetration, MCL § 750.520g(1). Defendant argues that the one-paragraph Indictment should be dismissed because it does not give him sufficient notice of why he was required to register, when he was required to register, and when specifically he crossed into Georgia. (Doc. 29). The Magistrate Judge found that the Indictment tracked the language of 18 U.S.C. § 2250(a) and sufficiently alleged all of the elements of the offense. (Doc. 36). As to Defendant's argument that the government should be required to identify the specific dates that he crossed into Georgia, the Magistrate Judge found that argument unpersuasive because, unlike cases arising out of unwitting crossing into Indian territories, "this case does not present a situation where it might be difficult to determine where or when Anthony's travels triggered SORNA's registration requirement." (*Id.* at 8).

Defendant separately moved to dismiss the Indictment on the ground that his underlying conviction in Michigan for assault with intent to commit criminal sexual conduct does not qualify as a sex offense under SORNA, and thus he was not required to register. (Doc. 28). Specifically, Defendant argued that the Michigan statute can be violated without physically touching the victim—an "apprehension-type" assault. (*Id.* at 6–7). Using the categorical approach, the Magistrate Judge concluded that SORNA does not require actual sexual contact; instead, SORNA requires only that an element of the offense *involve* a sexual act or sexual contact with another. (Doc. 36 at 13–14). Because an element of the Michigan offense requires "an intent to commit [criminal sexual conduct] involving sexual penetration," the Magistrate

2

Judge concluded that an element of the offense involved a sexual act. (*Id.* at 14–15).

## LEGAL STANDARD

When reviewing an R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (citation modified). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Ultimately, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CIV. P. 72(b)(3).

## DISCUSSION

### A. Defendant's motion to dismiss for vagueness

As to his motion to dismiss for vagueness, Defendant objects that the Magistrate Judge came to the wrong conclusion, but he does not identify any specific factual findings by the Magistrate Judge that he contends were made in error. Instead, Defendant explicitly "repeats and incorporates those arguments made in Mr. Anthony's 'Motion to Dismiss Based on an Insufficient Indictment' (Doc. 29) and Mr.

Anthony's 'Reply to the Government's Response to Defendant's Motion to Dismiss Based on an Insufficient Indictment.'" (Doc. 40). This objection by reference lacks the specificity necessary to trigger *de novo* review. *United States v. Sanchez-Rios*, No. 1:19-cv-00419-JPB, 2022 WL 4000361, at *1 (N.D. Ga. Sep. 1, 2022).

Accordingly, the Court has reviewed the R&R for clear error as to Defendant's motion to dismiss for vagueness, and it finds none. The Indictment sufficiently tracks the language of the statute and its essential elements, and it gives Defendant sufficient notice that he is being charged with failing to register as a sex offender after traveling to Georgia between December 2024 and October 2025. *See United States v. Wayerski*, 624 F.3d 1342, 1349–50 (11th Cir. 2010). Therefore, Defendant's objection to this portion of the R&R is **OVERRULED**.

### B. Defendant's motion to dismiss for failure to state an offense

Defendant raises several objections to the R&R's conclusion that his Michigan conviction is a sex offense for purposes of SORNA. All of these objections boil down to whether the Magistrate Judge correctly applied the categorical approach to determine whether MCL § 750.520g(1), as it was defined at the time of his conviction, criminalizes "the same conduct as—or a narrower range of conduct than—SORNA." *See United States v. Vineyard*, 945 F.3d 1164, 1170 (11th Cir. 2019). After a *de novo* review, the Court concludes that she did.

The categorical approach requires this Court to assess whether the Michigan statute qualifies as a sex offense under SORNA "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a

particular occasion." *See Johnson v. United States*, 576 U.S. 591, 596 (2015). To do so, the Court must "compare only 'the elements of the statute forming the basis of the defendant's conviction' and the elements of the generic offense." *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). "If the statute criminalizes several acts, we must assume 'that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense.'" *Id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

Under SORNA, a "sex offender" who would be required to register, is defined as an individual who has been convicted of a sex offense. 34 U.S.C. § 20911(1); *Vineyard*, 945 F.3d at 1169. A "sex offense" is defined, in part, as "a criminal offense that has an element involving a sexual act or sexual contact with another" or "an attempt or conspiracy to commit" such an offense. 34 U.S.C. §§ 20911(5)(A)(i) and (v). While SORNA does not define "sexual act" or "sexual contact," the Eleventh Circuit has interpreted those terms as follows: "sexual" means "of or relating to the sphere of behavior associated with libidinal gratification," and "sexual contact" means "a touching or meeting of body surfaces where the touching or meeting is related to or for the purpose of sexual gratification." *Vineyard*, 945 F.3d at 1172 (citing *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001)).

Notably, the definition of "sex offense" under SORNA explicitly includes offenses "involving" a sexual act or sexual contact with another. Congress did not have to include the word "involving," and its use in other statutes requiring the

categorical approach has been construed as intentionally expansive "beyond the precise offenses" identified in the statute, "and as encompassing as well offenses that are related to or connected with such conduct." *United States v. Vickers*, 540 F.3d 356, 365 (5th Cir. 2008) (quoting *United States v. Winbush*, 407 F.3d 703, 707 (5th Cir. 2005)); *United States v. White*, 837 F.3d 1225, 1233–35 (11th Cir. 2016) ("there is a general agreement among the circuits that the ACCA's definition of a serious drug offense is broader than the guidelines definition of a drug trafficking or a controlled substance offense because of the ACCA's use of the term 'involving.'") (collecting cases). As with the other words chosen by Congress, the Court must presume "that Congress 'says in a statute what it means and means in a statute what it says there.' The plain meaning of the term 'involving' means 'related to or connected with.'" *Vickers*, 540 F.3d at 365 (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)). So, SORNA also covers state offenses with an element related to or connected with a sexual act or sexual contact with another. *See id.* at 365–66 (affirming that a Texas conviction for delivery of a controlled substance was a "serious drug offense" for purposes of ACCA because it related to or was connected with distribution of a controlled substance, even if the Texas statute could be completed with words alone). Though Defendant asks the Court to reject this interpretation of the word "involving," he cites no authority which rejects the basic statutory interpretation principles outlined in *Vickers* and *White*.

Defendant was convicted under MCL § 750.520g(1), which provides that "assault with intent to commit criminal sexual conduct involving sexual penetration

shall be a felony punishable by imprisonment for not more than 10 years." The elements of MCL § 750.520g(1) are "(1) an assault, and (2) an intent to commit [criminal sexual conduct] involving sexual penetration." *People v. Nickens*, 470 Mich. 622, 627 (2004). As to the first element, the Michigan Supreme Court defined assault as "made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *Id.* at 628 (quoting *People v. Johnson*, 407 Mich. 196, 210 (1979)). So, the first element can be accomplished by either an "attempted-battery assault" or an "apprehension-type assault." *Id.*

As to the second element, MCL § 750.520a(r) defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." The Michigan Court of Appeals has interpreted this element to mean "the defendant must have intended to commit a sexual act 'involving some actual entry of another person's genital or anal openings or some oral sexual act.'" *People v. Daniel*, No. 220814, 2000 WL 33405365, at *1 (Mich. Ct. App. Oct. 24, 2000). In *Nickens,* the Michigan Supreme Court concluded that, contrary to other language contained in the *Daniel* case, MCL § 750.520g(1) does not require the existence of an aggravating circumstance or "that the assault is made with an improper sexual purpose or intent." 470 Mich. at 627. Though Defendant objects to any reference to *People v. Daniel* because the Michigan Supreme Court rejected its addition of aggravating circumstance and improper

sexual purpose elements, the *Nickens* decision makes no reference to the Michigan Court of Appeal's interpretation of sexual penetration contained in *People v. Daniel*. *Daniel*, 2000 WL 33405365, at *1 (quoting *People v. Snell*, 118 Mich. Ct. App. 750, 755 (1982) ("When the act involves penetration, the intended sexual act must have been one involving some actual entry of another person's genital or anal openings or some oral sexual act.")). This definition of sexual penetration does not import an aggravating circumstance nor improper sexual purpose or intent, it merely defines what it means for a defendant to "intend to commit criminal sexual conduct involving sexual penetration."

Comparing the elements of a sexual offense under SORNA to the elements of MCL § 750.520g(1), Defendant argues that the least of the acts criminalized under the Michigan statute would be a verbal threat "involving a slight intrusion into a part of the victim's body that did not implicate a genital or anal opening." (Doc. 40 at 21). The Court disagrees. Defendant's definition reads the word "sexual" completely out of "sexual penetration" and "criminal sexual contact," and under his reading, a defendant could violate MCL § 750.520g(1) by threatening to poke a victim in the eye. This is an absurd, non-textual reading of the statute, and the Court will not embrace it.

Rather, the Court finds that the least of the acts criminalized under MCL § 750.520g(1) is an apprehension-type assault made with the intent to commit a sexual act involving an actual entry of another person's genital or anal openings or some oral sexual act. Such an act, even if the perpetrator never actually sexually penetrates the victim, relates to or connects with—or "involves"—a sexual act or

sexual contact with another. The intention to commit a sexual act involving actual entry of another's genitals, anus, or mouth relates to or is connected with both conduct "of or relating to the sphere of behavior associated with libidinal gratification," and "a touching or meeting of body surfaces where the touching or meeting is related to or for the purpose of sexual gratification." *Vineyard*, 945 F.3d at 1172. Therefore, a conviction for violation of MCL § 750.520g(1) is a sexual offense under SORNA. Defendant's objections are **OVERRULED**.

### CONCLUSION

After a *de novo* review of Defendant's specific objections, the Court **OVERRULES** Defendant's objections to the R&R (Doc. 40). In addition to its findings and conclusions in this Order, the Court **ADOPTS** the findings and conclusions in the R&Rs (Docs. 36, 38) as the opinion and order of the Court. Defendant's motions to dismiss (Docs. 28, 29) are **DENIED**.

SO ORDERED, this 6th day of July, 2026.

 

TIFFANY R. JOHNSON
United States District Judge